IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| KIMBERLY JEAN BROWN, *et al*, | |
| Plaintiff, | |
| v. | No. 25-cv-05629 |
| | Judge Franklin U. Valderrama |
| SERVICENOW, INC., *et al*, | |
| Defendants. | |

**ORDER**

On May 20, 2025, Plaintiff Kimberly Jean Brown (Brown), proceeding *pro se*, brought a flurry of claims—fifty-nine, to be exact—against dozens of defendants on behalf of herself and the Brown Washington Trust (the Trust). R. 8,[1] Compl. Since then, she has voluntarily dismissed all Defendants except for seven. R. 52, Notice of Voluntary Dismissal. One of the remaining Defendants, ServiceNow, Inc. (ServiceNow), moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 10, Mot. Dismiss. The motion is now fully briefed. R. 17, Resp.; R. 27, Reply. For the following reasons, the Court grants the motion to dismiss.

**Background[2]**

In August of 2021, Brown began working for ServiceNow on its expert services risk management team.[3] Compl. ¶ 279. Brown quickly progressed in her position, winning various awards and receiving no negative feedback. *Id.* ¶¶ 280–81. However, in March of 2022, an article was published online about the dismissal of a lawsuit Brown had previously brought (which was unrelated to her time at ServiceNow). *Id.* ¶¶ 275–277. Less than one month later, Brown's manager at ServiceNow began disciplinary proceedings against Brown, and she was eventually terminated. *Id.* ¶ 281–282.

Brown alleges that the reasons her manager gave for her disciplinary actions were discriminatory, although she does not allege what reasons were given. *Id.* ¶ 283. After her termination, she filed a request for inquiry with the Equal Employment Opportunity Commission

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2]The Court takes the following allegations as true at this stage and makes all reasonable inferences in favor of Brown. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012).

[3]Brown recounts a long series of unfortunate events before her employment with ServiceNow, all relating to other Defendants, and ServiceNow does not enter the picture until 2021. Compl. ¶¶ 62–278. In this background section, the Court only focuses on the details relevant to ServiceNow.

(EEOC). *Id.* ¶ 283. In support of her claim, Brown submitted two EEOC "charging documents." *Id.* ¶ 284.

Brown alleges that should the EEOC have found sufficient evidence, it would have brought charges against ServiceNow. *Id.* ¶ 286. The EEOC, however, did not in fact bring charges against ServiceNow. *Id.* ¶ 289. Rather, the EEOC informed Brown that ServiceNow had presented sufficient evidence to counter each of her claims. *Id.* at 288. Brown alleges that several of her claims to the EEOC were "indisputable," such that the only way to counter them would have been by providing false information. *Id.* ¶ 287. Consequently, alleges Brown, ServiceNow must have provided false information to the EEOC. *Id.* ¶ 291.

Based on these facts, Brown brings four claims against ServiceNow: Mail Fraud under 18 U.S.C. §1341 (Count 51); Wire Fraud under 18 U.S.C. §1343 (Count 52); Obstruction of Justice under 18 U.S.C. §1513(e) (Count 53); and a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), (d) (Count 54).

ServiceNow moves to dismiss the claims for failure to allege standing and failure to state a claim. *See generally* Mot. Dismiss. As a preliminary matter, ServiceNow argues that there is no private cause of action under the criminal code, so Counts 51 through 53 should be dismissed. Memo. Mot. Dismiss at 6 (citing *Stoller v. Fumo*, 2020 WL 2404879, at *6 (N.D. Ill. May 12, 2020) ("Although mail fraud can qualify as a predicate 'racketeering activity' for a RICO civil action, . . . there is no independent civil cause of action for mail fraud."))). Brown concedes that she only brings these counts as predicate acts for her RICO claim, and not as independent causes of action. Resp. at 5, n.3. The Court agrees that the criminal claims cannot proceed as independent causes of action, but it will still consider them as facts alleged towards Brown's RICO claim. Accordingly, the Court dismisses Counts 51, 52, and 53, and proceeds to analyze the motion to dismiss Count 54.

### Legal Standard

A motion to dismiss under FED. R. CIV. PRO. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### Analysis

ServiceNow argues that Brown's RICO claims should be dismissed because (1) she lacks

standing to bring them, and (2) she has failed to state a claim. Ordinarily, the Court would proceed with the standing argument first. *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) ("jurisdictional issues should be addressed first and if they are resolved against jurisdiction the case is at an end and there is no occasion to address the merits"). But ServiceNow challenges Brown's standing to bring claims under 18 U.S.C. § 1962(c) and (d) under the statutory requirement that a plaintiff "must allege that she 'has been injured in h[er] business or property by the conduct constituting the [RICO] violation.'" *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 588 (7th Cir. 2017) (first alteration in original). Although often referred to as "standing," the Seventh Circuit recently clarified that the "business or property requirement" is not standing for Article III purposes. Rather, "the business or property requirement is a non-jurisdictional element of the cause of action Congress supplied in § 1964(c)," and therefore a "plaintiff's failure to plead this element [] requires dismissal under Rule 12(b)(6), not 12(b)(1)." *Ryder v. Hyles*, 27 F.4th 1253, 1256 (7th Cir. 2022). Accordingly, because the Court finds that Brown's complaint must be dismissed on other grounds, it does not address the standing argument.

18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *see also* 18 U.S.C. § 1962(d) (conspiracy to violate § 1962(c)). "To state a claim under § 1962(c), the complaint must allege that [ServiceNow] engaged in the (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity or collection of unlawful debt." *Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 698 (7th Cir. 2021). ServiceNow argues that Brown fails to state a RICO claim because (1) she has not alleged the heightened pleading standards applicable to fraud claims; (2) she has failed to allege the existence of a criminal enterprise; (3) and she has failed to allege a pattern of racketeering activity. Because the Court agrees that Brown has failed to plead the fraudulent acts with particularity, and that her claims are due to be dismissed on this ground, it need not address the remaining arguments.

"When the pattern of racketeering activity element is supported by allegations of fraud, those facts must be pleaded with the particularity required by Rule 9(b)." *Muskegan Hotels*, 986 F.3d at 699. ServiceNow argues that Brown has not alleged the "who, what, where, when, and how" required by Rule 9(b). Memo. Mot. Dismiss at 9–11. Brown responds that she in fact alleged the general timing of the fraudulent submissions, "their general content," and the individuals involved. Resp. at 8. She further argues that the pleading standard should be relaxed where she is unable to access the communications between the EEOC and ServiceNow, rendering her unable to plead specifics. *Id.* at 9.

True, Rule 9(b)'s application is case specific, and the Court understands that Brown may not have access to the exact dates and times of emails, or their specific senders. However, here, Brown's complaint is completely devoid of allegations about what was false about the communications. Her only allegation as to fraud is that her claims were "indisputable," such that the only way to counter them would have been by providing false information. So, she posits that ServiceNow must have provided false information. Compl. ¶¶ 287, 291. Missing from the complaint, however, are any allegations of what her claims were, how they arose, or what ServiceNow would have falsified. Not surprisingly, Brown cites no cases in support of her

3

argument that her allegations are sufficient, and ServiceNow is correct that "'loose references to mailings and telephone calls' in furtherance of a purported scheme to defraud will not do." *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994) (affirming dismissal of RICO claims for failure to plead fraud with particularity).

Accordingly, the Court finds that Brown has failed to plead the requisite predicate acts for a RICO claim with particularity. The Court dismisses Brown's RICO claims without prejudice.[4]

### Conclusion

For the foregoing reasons, the Court grants ServiceNow's motion to dismiss. Brown's claims against ServiceNow are dismissed without prejudice. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend"). The Court, having other motions to dismiss in this case under advisement, will provide for time for Brown to file an amended complaint upon the resolution of those additional motions.

Dated: March 27, 2026

United States District Judge
Franklin U. Valderrama

---

[4]Brown attaches supplemental allegations. Resp., Exh. A. Because the Court is allowing Brown an opportunity to amend the complaint, any request for the Court to consider these additional facts is denied as moot.

4