**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, *et al*,<br><br>Plaintiff,<br><br>v.<br><br>SERVICENOW, INC., *et al*,<br><br>Defendants. | No. 25-cv-05629<br><br>Judge Franklin U. Valderrama |

## ORDER

On May 20, 2025, Plaintiff Kimberly Jean Brown (Brown), proceeding *pro se*, brought a sprawling fifty-nine count, to be exact, complaint—against dozens of defendants on behalf of herself and the Brown Washington Trust (the Trust). R. 8,[1] Compl. Since then, she has voluntarily dismissed all Defendants except for seven. R. 52, Notice of Voluntary Dismissal. One of the remaining Defendants, Huge Legal Technology Company, Inc. (Huge Legal), moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). R. 55, Mot. Dismiss. For the following reasons, the Court grants the motion to dismiss. Further, because Brown is *pro se*, this Order only pertains to the claims brought by Brown, not the Brown-Washington Trust. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) ("A trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.'").

## Background[2]

Brown is an Illinois transactional attorney who practiced in estate planning. Compl. ¶¶ 42–44. In 2016, Brown pitched an idea for an estate planning software at the University of Chicago's business pitch competition. *Id.* ¶ 215. Tony Wilkins (Wilkins) was a judge of the competition. *Id.* Brown and Wilkins met on three occasions after the competition to discuss the idea. *Id.* ¶ 216. At one of these meetings, Wilkins described the idea as representing a "huge legal shift." *Id.* He also recommended that she change the domain name to something more catchy, and among his suggestions was "TrustandWill.com." *Id.* ¶ 217. That was the extent of Brown's discussions with Wilkins. In 2015, Brown formed the company "Legacy" to develop the estate planning software.[3]

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2]The Court takes the following allegations as true at this stage and makes all reasonable inferences in favor of Brown. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012).

[3]Brown also recounts a long series of unfortunate events relating to other Defendants. In this background section, the Court only focuses on the details relevant to Huge Legal.

*Id.* ¶ 36. Legacy eventually contracted with Bellwether Creation Company LLC (Bellwether) to develop the software and entered into a joint venture with them and others. *Id.* ¶ 105. After a long series of events unrelated to Huge Legal, the venture failed. *Id.* ¶¶ 39, 106–193.

Huge Legal owns TrustandWill.com. *Id.* ¶ 39. Huge Legal was founded by Daniel Goldstein (Goldstein), Cody Barbo (Barbo), and Brian Lamb (Lamb). *Id.* ¶ 229. Neither Barbo, Goldstein, nor Lamb live in Illinois. *Id.* ¶¶ 7, 10, 15. Huge Legal is a Delaware Corporation with headquarters in California. *Id.* ¶ 24. Brown alleges that Huge Legal "serves customers in Illinois." *Id.* ¶ 24. Brown became aware of TrustandWill.com after seeing an advertisement for it online. *Id.* ¶ 223. She alleges "it was immediately clear that TrustandWill.com is operating a later version of Legacy's Software." *Id.* ¶ 224. She attaches a table comparing their features. *Id.* ¶ 237.

Brown alleges that TrustandWill.com was founded less than a year after Legacy failed, and that "[b]ased on the lightening-fast timing of the launch of TrustandWill.com by individuals without estate planning experience, it is highly unlikely that Defendant Huge Legal developed the software from scratch." *Id.* ¶ 236. She alleges that "Huge Legal's name itself is an homage to Ms. Brown's mantra that the software is 'a huge legal shift'" *Id.* ¶ 226.

Brown alleges that "Huge Legal has utilized Legacy's Software to raise more than forty-eight million dollars in funding and has attracted nearly 500,000 members." *Id.* ¶ 40. She alleges that "certain Defendants utilized racketeering activities and a disinformation campaign, to fraudulently-acquire Legacy's Software, re-brand it, and are currently operating Legacy's Software as their own under the brand TrustandWill.com." *Id.* ¶¶ 37–38. Her theory is based on the fact that there are "inconsistent comments" about the development of TrustandWill.com, because it claims it is built by attorneys, but it does not mention which attorneys. *Id.* ¶¶ 238–39.

Brown also alleges that there are "several possible scenarios" for how Huge Legal got the Legacy Software. *Id.* ¶ 240. "Two of the possible scenarios are" that Defendants Barbo, Goldstein, and Lamb "improperly purchased" the Legacy software, or that some Defendant "continues to retain majority control over Legacy's software and installed Defendants Barbo, Goldstein, and Lamb as the leadership team of" Huge Legal. *Id.* ¶ 241. She also alleges that the following facts bolster her theory: (1) Goldstein worked less than a half mile from Bellwether in 2017, so they could have met each other, (2) Goldstein and Wilkins both went to the University of Chicago for undergrad and could have met through alumni communities, (3) Goldstein and Wilkins both have connections to Chicago and have kids of the same age, so they could have connected through their children. *Id.* ¶ 243. "Regardless," she alleges, "it is clear that they acquired Legacy's Software and are currently operating it as TrustandWill.com." *Id.* ¶ 244.

Based on these facts, Brown brings claims for fraudulent concealment (Counts Eight and Fifteen); tortious interference with contract (Counts Nine and Sixteen); violations of Illinois Deceptive Trade Practices Act (IDTPA) "and/or" the Illinois Consumer Fraud Act (ICFA) (Counts Ten, Eleven, Twelve, Nineteen, Thirty Three); violations of the Defend Trade Secrets Act (DTSA) and Illinois Trade Secrets Act (ITSA) (Counts Eighteen, Twenty Six, Twenty Seven); wire fraud (Counts Twenty, Forty Two, Forty Eight, Fifty, and Fifty Six); mail fraud (Counts Twenty One, Thirty Four, Forty Seven, and Fifty Five); invasion of privacy (Count Thirty Two); theft (Count Thirty Five); receiving stolen property (Count Thirty Six); money laundering (Count Thirty

Seven); tortious interference with business expectancy (Counts Thirty Eight and Forty Nine); violations of the Computer Fraud and Abuse Act (CFAA) (Count Thirty Nine); "trespass, false imprisonment, intentional infliction of emotional distress, invasion of privacy, theft and/or fraudulent concealment" (Count Forty Five); interference with commerce by threats or violence (Count Forty Six); and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (Count Fifty Seven).

Huge Legal now moves to dismiss the claims against them for lack of personal jurisdiction and failure to state a claim. *See generally* Mot. Dismiss. The fully briefed motion is before the Court. R. 63, Resp.; R. 67, Reply.

**Legal Standard**

A 12(b)(2) motion challenges the Court's jurisdiction over a party. FED. R. CIV. P. 12(b)(2). "When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of making a *prima facie* case that jurisdiction exists." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 860 (7th Cir. 2024). "[W]e take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in [any] affidavits in favor of the plaintiff[s]." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "When the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a *prima facie* showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Id.*

A motion to dismiss under FED. R. CIV. P. 12(b)(6), on the other hand, challenges the sufficiency of the complaint. *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Analysis**

Huge Legal first argues that Brown's claims against should be dismissed because there is no personal jurisdiction over it. *See generally* Memo. Mot. Dismiss. For the reasons stated below, the Court agrees that Brown has not established personal jurisdiction over Huge Legal.

Huge Legal attaches the declaration of Alexandra Sepulveda, Huge Legal's Vice President of Legal, attesting to the following facts: (1) Huge Legal is incorporated in Delaware and has a principal place of business in California; (2) Huge Legal has no offices in Illinois; (3) Huge Legal employs two employees in Illinois; (4) Huge Legal has no property in Illinois; and (5) Huge Legal

had no bank accounts in Illinois before this complaint was filed. R. 57, Sepulveda Decl. Brown does not submit any evidence in response. The Court thus takes as true all well-pleaded facts in the Complaint that do not conflict with the declaration and takes all factual disputes in favor of Brown. *See Matlin*, 921 F.3d at 705.

"In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'" *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020). "The governing statute in Illinois permits its courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment." *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 697 (7th Cir. 2015). "Thus, the question we must answer is whether the exercise of personal jurisdiction over the defendants 'comports with the limits imposed by federal due process.'" *Curry*, 949 F.3d at 393. The Court notes that "normally there is 'no operative difference' between Illinois constitutional and federal constitutional limits on personal jurisdiction," and the parties have not otherwise argued that there is, so the Court looks to cases analyzing both for guidance. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015).

"Under the Supreme Court's well-established interpretation of the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (citation omitted). "While there are two branches of personal jurisdiction theory—general and specific—only the latter is relevant here," as Brown concedes that the Court does not have general jurisdiction over Huge Legal. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913 (7th Cir. 2015); *see* Resp. at 2 ("Plaintiffs concede that Huge Legal it is not 'at home' in Illinois under Daimler. Instead, Plaintiffs assert that the Court has specific personal jurisdiction over Huge Legal.").

"For specific personal jurisdiction, there must be: (1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024). Because the Court ultimately finds that Huge Legal has no connections with Illinois that are related to the claims at issue, it analyzes the relatedness prong only, as that is dispositive. *See Felland v. Clifton*, 682 F.3d 665, 676 (7th Cir. 2012) ("Even where a defendant's conduct is purposefully directed at the forum state, the plaintiff must also show that his injury 'arises out of' or 'relates to' the conduct that comprises the defendant's contacts.").

Huge Legal argues that Brown fails to plead that Huge Legal directed any action toward Illinois apart from a vague reference that it "serves customers in Illinois," and Brown's claims do not arise out of this service. Memo. Dismiss at 3. Brown responds that the following constitutes Illinois-directed conduct: (1) the "improper acquisition" of Legacy's "Illinois-based" trade secrets,

(2) generating "Illinois revenue" and directing TrustandWill.com at Illinois customers; and (3) Illinois employees "supporting development/maintenance" of TrustandWill.com. Resp. at 3.

Huge Legal replies that Brown relies on facts outside the complaint but provides no evidence in support of these contentions. Reply at 2. Huge Legal reiterates that the *only* Illinois contact Brown has pled in her Complaint is the servicing of Illinois customers, and this is insufficient because her claim is not based on any servicing of customers. *Id.* The Court agrees. Brown brings claims based on the alleged theft of Illinois trade secrets, but she makes no allegations about how Huge Legal had any contact with Illinois during the underlying events. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015) ("Specific jurisdiction is case-specific; the claim must be linked to the activities or contacts with the forum."). Indeed, beyond the fact that a founding member of Huge Legal shares an alma mater with an individual connected to Brown, and the fact that they at one point worked in the same area and have kids "around the same age," she makes no allegations *at all* about how this theft occurred. And to the extent Brown is arguing that her own residence in Illinois is enough, the Court finds this unavailing. "The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *as corrected* (May 12, 2014).

Brown cites, without explanation or even pin cite, to *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421 (7th Cir. 2010). None of those cases are comparable to the case here, as they involved extensive sales and advertising to residents of the forum states, and the claims arose from those sales and advertising. Thus, the Court finds them distinguishable.

It is Brown's burden to establish a *prima facie* case of personal jurisdiction, and she has not done so. Further, discovery into personal jurisdiction "is proper if a plaintiff establishes a colorable or *prima facie* showing of personal jurisdiction." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 864 (7th Cir. 2024). The Court finds that she has not established a colorable showing of personal jurisdiction and denies the request for discovery.

## Conclusion

For the foregoing reasons, the Court grants Huge Legal's motion to dismiss. Brown's claims against Huge Legal are dismissed without prejudice and may be refiled in the proper forum.

Dated: September 18, 2026

United States District Judge
Franklin U. Valderrama